Alan R. MELVIN, Plaintiff,

Louann G. MELVIN, Individually and as Executor of the Estate of Alan R. Melvin, Plaintiff–Appellant,

v.

U.A. LOCAL 13 PENSION PLAN, Robert Byer, as trustee thereof, Joseph Grussenmeyer, as trustee thereof, Fred Lajuett, as trustee thereof, Gary Mauro, as trustee thereof, Frank Oppedisano, as trustee thereof, Phil Somers, as trustee thereof, Larry R. Tschetter, as trustee thereof, John Perticone, as trustee thereof, Timothy O'Grady, as trustee thereof and Board of Trustees, Defendants–Appellees,

LOCAL UNION NO. 13, of the Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada, Defendants.

No. 04–0690.

United States Court of Appeals, Second Circuit.

Feb. 22, 2005.

Michael A. Rosenhouse, Law Offices of Michael A. Rosenhouse, Rochester, NY, for Appellant.

Sally M. Tedrow (John M. McIntire), O'Donoghue & O'Donoghue LLP, Washington, DC (Robert T. DiGiulio, Osborn, Reed & Burke, LLP, Rochester, NY, for Appellees, of counsel.

PRESENT: MESKILL, SACK, and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Plaintiff Alan Melvin appeals from the September 26, 2003, decision and order of the United States District Court for the Western District of New York (Charles J. Siragusa, *Judge* ) granting defendants' motion for summary judgment. *Melvin v. U.A. Local 13 Pension Plan*, 2003 WL 22384789, 2003 U.S. Dist. LEXIS 18523 (W.D.N.Y.2003) (*"Melvin II"* ).

Prior to *Melvin II*, in *Melvin v. U.A. Local 13 Pension Plan*, 204 F.Supp.2d 564 (W.D.N.Y.2002) (*"Melvin I"* ), the district court granted partial summary judgment in Melvin's favor, finding that the U.A. Local 13 Pension Plan's ("the Plan") "freeze" provision violated ERISA's prohibition against "backloading." Before final and appealable judgment, however, this Court decided *Langman v. Laub*, 328 F.3d 68 (2d Cir.2003), *cert. denied*, 540 U.S. 1107, 124 S.Ct. 1061, 157 L.Ed.2d 893 (2004). In light of *Langman*, the district court overruled its grant of partial summary judgment in *Melvin II* and entered summary judgment in favor of the Plan.

On appeal, Melvin argues that the district court's decision in *Melvin I* was correct, and that this Court's decision in *Langman* did not require its reversal. He argues that the Plan's application of its "freeze" provision to Melvin should not be permitted under the Plan's own terms, and

that the provision violates ERISA's requirement that "all 'years of service' be taken into account," *McDonald v. Pension Plan of NYSA–ILA Pension Trust Fund*, 320 F.3d 151, 159 (2d Cir.2003), and ERISA's 133 1/3 percent rule. In addition, Melvin argues that he is entitled to equitable relief as a result of the delay in the payment of his pension benefit.

We review grants of summary judgment *de novo*, construing the record in the light most favorable to the nonmoving party. *Church of Am. Knights of the Ku Klux Klan v. Kerik*, 356 F.3d 197, 203 (2d Cir. 2004). Summary judgment is appropriate when the moving party demonstrates that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Blouin ex rel. Estate of Pouliot v. Spitzer*, 356 F.3d 348, 356 (2d Cir.2004).

### I. The Plan's "Freeze" Provision

Melvin first contends that the stated terms of the Plan require the application of the 1998 benefit rate, and not the 1981 rate, to the years that Melvin worked before his break in service. However, the Plan contends that its application of the "freeze" provision in Article IV, Section 4.4, of the Plan to Melvin is a reasonable interpretation of the Plan's provisions.

A plan's interpretation will be accorded deference if the plan "gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). As the district court rightly concluded, in providing the Plan trustees the "full power to construe the provisions of [the Trust Agreement], the terms used herein and the bylaws and regulations issued thereunder," the 1977 Trust Agreement, which established the Trust and di-

rected the creation of the Plan, provided the Plan with the power to interpret its provisions and the requisite discretion to trigger deferential review.

■ Thus, while it is true that Melvin provides a viable alternative interpretation of the Plan's provisions, we agree with the district court's conclusion that under "arbitrary and capricious" review, the Plan's interpretation of Section 4.4 to include a "freeze" provision applicable to Melvin was not "without reason, unsupported by substantial evidence or erroneous as a matter of law." *Pagan v. NYNEX Pension Plan,* 52 F.3d 438, 442 (2d Cir.1995) (quoting *Abnathya v. Hoffman–La Roche, Inc.,* 2 F.3d 40, 45 (3d Cir.1993) (internal quotation marks omitted)). We therefore affirm the district court's holding as to the Plan's interpretation and application of the "freeze" provision to Melvin.

## II.  Permissibility of the Plan's "Freeze" Provision under ERISA

In addition, Melvin contends that the Plan's "freeze" provision violates ERISA's requirement that all years of service be "taken into account" and that, by "freezing" the benefits of pre-break years, the Plan is effectively not taking those years into account. Melvin also argues that the "freeze" provision runs afoul of ERISA's prohibition against "backloading."

Adopting either of Melvin's arguments would have the effect of overruling *Langman,* something we as a panel cannot do. *See Union of Needletrades, Indus. and Textile Employees v. I.N.S.,* 336 F.3d 200, 210 (2d Cir.2003). We therefore affirm the district court's conclusion, following *Langman,* that the Plan's "freeze" provision is permissible under ERISA and we also conclude that, for a pension plan to "take into account" all years of service, it is not required to apply the same benefit rate to all years.

## III.  Equitable Relief

Melvin also argues that he is entitled to (1) disgorgement of profits for the years during which Melvin was unwilling to sign the Plan's benefits form and (2) nullification of the Plan's determination that Melvin had not applied for benefits until 2000 because he was unwilling to sign the form.

The Plan argues that Melvin's claim was not properly asserted below, and that therefore we should not consider it. However, in his motion for final judgment, Melvin asked that the district court award equitable relief in the form of disgorgement of income and pre-judgment interest. In his earlier motion for summary judgment in *Melvin I,* Melvin also asked for "interest or other appropriate relief on account of delay by the Plan in paying plaintiff the amount of his benefit which has never been subject to dispute" and at the same time asked that his complaint "be deemed amended to conform with" the claims he asserted. Although Melvin did not formally amend his complaint, the district court in *Melvin II,* in granting the Plan's motion for summary judgment, appears to have considered Melvin's claim for relief but dismissed it as moot in light of its other conclusions. *Melvin II,* 2003 WL 22384789, at *9, 2003 U.S. Dist. LEXIS 18523, at *26.

We are unclear as to why entering summary judgment on the validity and application of the "freeze" provision renders Melvin's claim for equitable relief moot and remand this limited question to the district court for further clarification as to its disposition of Melvin's claim, while retaining jurisdiction. *See United States v. Jacobson,* 15 F.3d 19, 22 (2d Cir.1994).

## Conclusion

For the foregoing reasons, the district court's judgment with respect to the Plan's interpretation and application of the

"freeze" provision, and its permissibility under ERISA, is hereby AFFIRMED, and the district court's determination that Melvin's claim for equitable relief is moot is REMANDED. On remand, the district court should clarify its disposition of Melvin's request for equitable relief.